TJOFLAT, Circuit Judge,
specially concurring:
I concur in the judgment of the court but write separately because I am troubled *1172 by the court’s reliance on contemporary sources to define materiality, rather than using the meaning of the word as it was understood in 1872, the year of the enactment of the mail fraud statute. It is axiomatic that, in interpreting statutes, we must interpret the words of a statute by taking the common meaning of the words at the time Congress enacted the statute. Amoco Prod. Co. v. S. Ute Indian Tribe, 526 U.S. 865, 873-74, 119 S.Ct. 1719, 1724, 144 L.Ed.2d 22 (1999) (“ ‘Unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning’ at the time Congress enacted the statute”) (quoting Perrin v. United States, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979)). Despite this elementary canon of construction, I fear that the court has given too much significance to modern sources, and, in the process, has unduly confined district court judges in fashioning proper jury instructions.
In this regard, I believe that the court is misdirected when it defines the contours of materiality by relying on contemporary sources, such as the Restatement (Second) of Torts and Prosser and Keeton on Torts. The court attempts to justify its reliance on modern sources by suggesting that the Supreme Court relied on modern sources in defining materiality in its opinion in Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). I believe that this is an inaccurate characterization of Neder. As I read Neder, the Court only cited the Restatement (Second) of Torts because Neder, himself, relied on it to support his argument that materiality is an element of the mail fraud statute. Specifically, the Court cited the Restatement (Second) of Torts in a footnote appended to the following statement: “Neder contends that ‘defraud’ is just such a term, and that Congress implicitly incorporated its common-law meaning, including its requirement of materiality, into the statutes at issue.” Neder, 527 U.S. at 22, 119 S.Ct. at 1840.[1] The Court’s citation to the Restatement (Second) of Torts has limited precedential value because it was merely a regurgitation of Neder’s argument. Thus, a more straightforward reading of Neder suggests that the Court did not cite the Restatement (Second) of Torts for the proposition that the meaning of words in a statute enacted in 1872 can be identified by reference to a modern restatement of the law.[2]
Moreover, I find it particularly instructive that the Court in Neder chose not to fashion a specific jury instruction related to materiality. Rather, the Court left it to district court judges to determine the proper formulation of jury instructions as they relate to materiality. Thus, I find it unnecessary (and bad precedent) for us to *1173 use the Restatement (Second) of Torts to define the contours of the mail fraud statute’s materiality requirement.
Nonetheless, should the court feel compelled to offer guidance to district court judges regarding the materiality prong, I think it would be preferable to define materiality as it was understood at common law at the time the statute was enacted. The Court in Neder recognized as much when it cited Justice Story for the definition of materiality as it was understood in 1872. See Neder, 527 U.S. at 22-23, 119 S.Ct. at 1840 (citing Joseph Story, Commentaries on Equity Jurisprudence § 195 (10th ed. 1870), in support of the proposition that the common law could not have conceived of fraud without proof of materiality: “[i]n the first place, the misrepresentation must be of something material, constituting an inducement or motive to the act or omission of the other party”).
Reference to Justice Story’s Commentaries on Equity Jurisprudence, as opposed to the Restatement (Second) of Torts, is preferable in my view not only because it comports with the Supreme Court’s opinion in Neder, but also because, as a matter of statutory interpretation, words in a statute must be interpreted as they were understood at the time of the statute’s enactment. Because the Restatement (Second) of Torts provides a contemporary understanding of materiality, its application here in defining the federal mail fraud statute is of little use. Conversely, because Justice Story’s Commentaries on Equity Jurisprudence was written at nearly the same time as the enactment of the mail fraud statute, that source provides a better understanding of the settled meaning of materiality under the common law as it existed in 1872.
Notwithstanding my disagreement regarding the proper definition of materiality, I agree with the court that we should overturn our prior holding in United States v. Brown, 79 F.3d 1550 (11th Cir.1996). As such, I concur in the court’s judgment.

. The full text of the footnote in Neder is as follows:
The Restatement instructs that a matter is material if:
“(a) a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question; or
(b) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it.” Restatement (Second) of Torts § 538 (1977).
Neder, 527 U.S. at 22 n. 5, 119 S.Ct. at 1840 n. 5.

. I find the prefatory introduction to the Restatement (Second) of Torts illustrative. In the introduction, the Restatement drafters note that the second edition of the Restatement of Torts incorporates a "reassessment of the principles, rules, and standards governing this important and dynamic branch of law.” Restatement (Second) of Torts Introduction, at VII (emphasis added). Thus, the drafters recognized and acknowledged that the Restatement (Second) of Torts contains a contemporaneous summary of the changing and evolving standards of tort principles.